ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| ELIEZER CORDERO JIMENEZ<br><br>Peticionaria<br><br>v.<br><br>JOSÉ A. GARCÍA NIEVES<br><br>Recurrida | **TA2026CE00713** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Municipal de Hatillo<br><br>Civil Núm.: CM2025MU00049<br><br>Sobre: Ley 140 |

Panel integrado por su presidente el Juez Bonilla Ortiz, la Jueza Martínez Cordero y el Juez Robles Adorno.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 11 de junio de 2026.

Comparece ante nos el Sr. Eliezer Cordero Jiménez (señor Cordero o "el peticionario") -por derecho propio- mediante recurso de *certiorari* presentado el 4 de junio de 2026. A los fines de solicitar nuestra intervención ante la inacción del Tribunal de Primera Instancia, Sala Municipal de Hatillo, luego de haber radicado una *Querella* al amparo de la Ley Núm. 140.

Por los fundamentos que expondremos a continuación, **DESESTIMAMOS** el auto de *certiorari* por académico.

### I.

Según surge del expediente electrónico en el Sistema Unificado de Manejo y Administración de Casos, el 1 de octubre de 2025, el peticionario presentó una *Querella al Amparo de la Ley Núm. 140 Ley Sobre Controversias y Estados Provisionales de Derecho,* contra

el Sr. José García Nieves (señor García o "el recurrido").[1]

Así las cosas, el 10 de febrero de 2026, fue celebrada la primera vista, quedando citadas las partes para una vista de seguimiento el 4 de marzo de 2026.[2]

No obstante, el peticionario alega que luego de varias gestiones realizadas para obtener una respuesta por parte del foro primario, las cuales resultaron infructuosas, el caso se encontraba detenido sin una determinación.

Por consiguiente, el 4 de junio de 2026, el señor Cordero presentó el recurso de epígrafe, mediante el cual nos solicitó intervención para obtener una respuesta del foro primario ante su *Querella*.

El 5 de junio de 2026, emitimos una *Resolución* en la cual le concedimos el término de cinco (5) días al Hon. Francisco Santiago López, del Tribunal de Primera Instancia, Sala Municipal de Hatillo, para que informara si había atendido la petición sobre Ley 140 solicitada por el peticionario.

Así las cosas, el 10 de junio de 2026, el Hon. Santiago López presentó una *Moción Informativa y en Cumplimiento de Orden*. En esta, informó que el 9 de junio de 2026, había emitido una *Resolución* en el caso, la cual fue notificada a las partes.[3]

Examinado el recurso, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

---

[1] *Querella al Amparo de la Ley Núm. 140 Ley Sobre Controversias y Estados Provisionales de Derecho*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] *Hoja de Notas*, entrada núm. 19 en SUMAC.
[3] *Resolución*, entrada núm. 25 en SUMAC.

**II.**

El principio de justiciabilidad establece que los tribunales podemos evaluar los méritos de los casos si existe una controversia real y genuina entre las partes. *Hernández, Santa v. Srio. de Hacienda*, 208 DPR 727, 738 (2022). En ese sentido, los tribunales estamos llamados a intervenir solo en casos justiciables. *Bhatia Gautier v. Gobernador*, 199 DPR 59, 68 (2017). Así pues, se considera que una controversia no es justiciable cuando:

> (1) se procura resolver una cuestión política; (2) una de las partes carece de legitimación activa; (3) hechos posteriores al comienzo del pleito han tornado la controversia en académica; (4) las partes están tratando de obtener una opinión consultiva, o (5) se intenta promover un pleito que no está maduro. *Super Asphalt v. AFI y otro,* 206 DPR 803, 815 (2021).

Como se observa, la doctrina de academicidad es una de las instancias de las justiciabilidad. *Super Asphalt v. AFI y otro,* supra. Se considera que un caso es académico cuando se intenta obtener: (1) un fallo sobre una controversia disfrazada, que en realidad no existe, (2) una determinación de un derecho antes de que éste haya sido reclamado o (3) una sentencia sobre un asunto que, al dictarse, por alguna razón no podrá tener efectos prácticos sobre una controversia existente. *Íd.*, pág. 816. Igualmente, una controversia es académica cuando los cambios fácticos o judiciales acaecidos durante el trámite judicial tornan en ficticia su solución, es decir, la controversia deja de estar viva y presente. *Díaz Díaz v. Asoc. Res. Quintas San Luis,* 196 DPR 573, 578 (2016).

Como norma general, cuando la controversia se torna académica en etapa apelativa, los foros revisores estamos obligados a: (1) desestimar el recurso ante

nuestra consideración, (2) dejar sin efecto el dictamen del foro primario y (3) devolver el caso al foro primario con instrucciones de que se desestime la demanda. *Díaz Díaz v. Asoc. Res. Quintas San Luis,* supra.

Cónsono con lo anterior, la Regla 83(B)(5) y (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 116-117, 216 DPR ___ (2025), nos confiere autoridad para desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia o a petición de parte, cuando carezca de jurisdicción por tornarse académico. De esa forma, si al hacer el análisis, el tribunal concluye que la controversia es académica y no restan otros asuntos ante su consideración, tiene el deber de así declararlo y proceder con la desestimación del recurso apelativo sin entrar en los méritos de la controversia. *Super Asphalt v. AFI y otro,* supra, pág. 816; Díaz *Díaz v. Asoc. Res. Quintas San Luis,* supra, pág. 578.

Ahora bien, existen excepciones a la doctrina de academicidad que permiten la consideración de un caso que de otro modo sería académico, a saber:

> (1) cuando se plantea una cuestión recurrente que, por su naturaleza, se hace muy difícil dilucidarla nuevamente en los tribunales; (2) cuando la situación de hechos ha sido cambiada por el demandado pero no tiene visos de permanencia; (3) cuando las controversias aparentemente son académicas, pero que en realidad no lo son por sus consecuencias colaterales; y (4) cuando el tribunal ha certificado un pleito de clase y la controversia se tornó académica para un miembro de la clase, mas no para el representante de la misma. *RBR Const., SE v. AC,* 149 DPR 836, 846 (1999).

**III.**

En el caso de autos, el señor Cordero acudió ante nos para solicitar nuestra intervención luego de haber radicado una *Querella* al amparo de la Ley Núm. 140, y el foro primario no haber emitido determinación alguna.

No obstante, emitimos una *Resolución* solicitándole al foro de instancia que informara si había atendido la petición sobre Ley Núm. 140. Así pues, el 10 de junio de 2026, el Hon. Santiago López informó que, en efecto, había emitido una *Resolución* atendiendo la controversia del caso.

Los tribunales sólo debemos intervenir en "controversias reales y vivas, en las cuales existan partes con intereses encontrados cuyo propósito sea obtener un remedio que tenga un efecto sobre la relación jurídica." *Lozada Sánchez et al. v. JCA,* 184 DPR 898, 913 (2012).

En vista de que el señor Cordero obtuvo el remedio solicitado, pronunciamos que procede la desestimación del recurso por falta de jurisdicción por academicidad.

**IV.**

Por los fundamentos antes expuestos, **DESESTIMAMOS** el recurso de epígrafe por académico.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones